**FILED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JUN 05 2018

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 2:18-cr-17 WTL -CMM |
| v. | ) | |
| | ) | |
| RICHARD S. TRELOAR and | ) | -01 |
| MARK W. COLLIER, | ) | -02 |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

The Grand Jury charges that:

### Background

1. The Defense Logistics Agency is a department of the United States Department of Defense (DOD) that, among other things, oversees the demilitarization of military equipment.

2. A High Mobility Multipurpose Wheeled Vehicle (HMMWV), commonly known as a "Humvee" is a four-wheel drive military light truck capable of being outfitted with armor, ballistic glass, and high-powered weapons, and is currently being used in the Iraq and Afghanistan theatres.

3. According to the Department of Defense Instruction 4160.28, DoD Demilitarization Program, "demilitarization" means the act of eliminating the functional capabilities and inherent military design features from DoD personal property. Methods and degree range from removal and destruction of critical features to total destruction by cutting, crushing, shredding, melting, and burning. Demilitarization is required to prevent property from being used for its original intended purpose and to prevent the release of inherent design information that could be used against the United States.

4. Treloar Enterprises International, Inc. (TEI), is a company based in St. Louis, MO, which contracted with the Defense Logistics Agency to demilitarize military vehicles, mostly consisting of HMMWVs.

5. Richard S. Treloar was at all times material to this Indictment the owner of TEI.

6. Mark W. Collier was at all times material to this Indictment a representative of the United States Government who certified that all HMMWVs material to this Indictment were demilitarized in his presence.

General Allegations

7. TEI was awarded contract number 008694730 by the Defense Logistics Agency on December 31, 2013. Per the contract, TEI would purchase an estimated 27,000,000 pounds of metal for $.08/pound. As a precondition of sale, TEI was required to demilitarize every vehicle received. This consisted of, *inter alia*, melting down all armored portions of each vehicle. The primary vehicles in this contract were HMMWVs.

8. Per the contract, the HMMWVs purchased by TEI were to "be completely demilitarized to prevent reuse, recognition, or reconstruction…" Further, a government verifier was to be onsite to verify the demilitarization of all vehicles.

9. The contract was active from January 2014 through November 2015. TEI took delivery of all HMMWVs from Naval Support Activity Crane (Crane), which is located in Martin, Greene, and Lawrence Counties, within the Southern District of Indiana. To facilitate the contract, TEI opened a facility in Spencer, Indiana, within the Southern District of Indiana, where the purported demilitarization occurred.

10. TRELOAR converted at least seven fully armored HMMWVs to his own use and sold or attempted to sell the same for his own benefit. The value of these HMMWVs was

$589,601. TRELOAR and COLLIER certified that each and every HMMWV was demilitarized, when in fact they were not.

## Counts One Through Seven
## Conversion of Government Property
## 18 U.S.C. § 641

11.  Paragraphs One through Ten are incorporated as if fully restated herein.

12.  On or about the dates listed in the table below each one being a separate count of this Indictment, in the Southern District of Indiana, the defendant, RICHARD S. TRELOAR, did knowingly convert to his own use, or without authority sell, a thing of value belonging to the United States, to wit, fully armored High Mobility Multipurpose Wheeled Vehicles, each one having a value in excess of $1,000.

| Count | Date | Item of Government Property | Value |
|---|---|---|---|
| 1 | July 23, 2015 | Black M-1123 HMMWV DTID: V4789843257157 SN: 208020 | $126,665 |
| 2 | September 3, 2015 | Multicolored M-1123 HMMWV DTID: MMV1233115E090 SN: 182132 | $60,409 |
| 3 | September 4, 2015 | Green M-1043 HMMWV DTID: SY23144255D015 SN: 218176 | $77,522 |
| 4 | September 4, 2015 | Multicolored M-1043 HMMWV DTID: SY23144255D021 SN: 223686 | $77,522 |
| 5 | September 3, 2015 | Multicolored M-1123 HMMWV DTIC: W12L3Z42598002G SN: 200349 | $60,409 |
| 6 | September 3, 2015 | Multicolored M-1123 HMMWV DTID: MMV33332620003 SN: 225248 | $60,409 |

| 7 | Between January 2014 through November 2015, the exact date being unknown. | Multicolored M-1123 HMMWV<br>DTID: Unknown<br>SN: Unknown | $126,665 |

All in violation of Title 18, United States Code, Section 641.

## Counts Eight Through Fourteen
## False Statements
## 18 U.S.C. § 1001

13.    Paragraphs One through Twelve are incorporated as if fully restated herein.

14.    On or about the dates listed in the table below each one being a separate count of this Indictment, in the Southern District of Indiana, the defendants, RICHARD S. TRELOAR and MARK W. COLLIER, did, in a matter within the jurisdiction of the United States Department of Defense, a component of the Executive Branch of the Government of the United States, knowingly and willfully used a materially false document, knowing that said document contained a materially false, fictitious, or fraudulent statement or entry.  Specifically, that the HMMWV described herein had been demilitarized:

| Count | Date | HMMWV |
|---|---|---|
| 8 | July 23, 2015 | A Black M-1123 HMMWV<br>DTID: V4789843257157<br>SN: 208020 |
| 9 | September 3, 2015 | A Multicolored M-1123 HMMWV<br>DTID: MMV1233115E090<br>SN: 182132 |
| 10 | September 4, 2015 | A Green M-1043 HMMWV<br>DTID: SY23144255D015<br>SN: 218176 |
| 11 | September 4, 2015 | A Multicolored M-1043 HMMWV<br>DTID: SY23144255D021<br>SN: 223686 |
| 12 | September 3, 2015 | A Multicolored M-1123 HMMWV<br>DTIC: W12L3Z42598002G<br>SN: 200349 |
| 13 | September 3, 2015 | A Multicolored M-1123 HMMWV<br>DTID: MMV33332620003 |

|   |   | SN: 225248 |
|---|---|---|
| 14 | Between January 2014 through November 2015, the exact date being unknown. | A Multicolored M-1123 HMMWV<br>DTID: Unknown<br>SN: Unknown |

All in violation of Title 18, United States Code, Section 1001(a)(3).

## FORFEITURE

Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendants notice that the United States will seek forfeiture of property, criminally and/or civilly, pursuant to 18 U.S.C. § 1956(a)(7)(D), 18 U.S.C. § 982(a)(3) and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

15. Pursuant to 18 U.S.C. § 1956(a)(7)(D), 18 U.S.C. § 982(a)(3), if convicted of any of the offenses set forth in Counts 1-14 of this Indictment, the defendants shall forfeit to the United States:

    a. Any property, real or personal, constituting or derived from proceeds the defendant obtained directly or indirectly as the result of the offense of which he is convicted; or

    b. A sum of money equal to the total amount of the proceeds of the offenses.

16. The United States will show that the total amount of proceeds obtained by the defendant as a result of the criminal activity herein is $589,601.00.

17. The United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States

Code, Section 2461(c), if any of the property described above in paragraph fifteen, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

18. In addition, the United States may seek civil forfeiture of the property described above in paragraph fifteen pursuant to 21 U.S.C. § 881(a)(6), and pursuant to Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

JOSH J. MINKLER
United States Attorney

By: Bradley P. Shepard
Assistant United States Attorney